ANDREW J. PERHAM & another *vs.* CHARLES W. H. CONEY.

Middlesex.   January 18. — 19, 1875.   AMES & ENDICOTT, JJ., absent.

If one hires a horse to go to a certain place and drives him beyond that place, it is a conversion, and the hirer is liable for any subsequent diminution in the value of the horse, although arising from the fault of the horse.

A hirer of a horse and carriage for a time and distance not fixed or agreed upon is responsible for any injury to the horse and carriage caused by his want of ordinary care and skill; but is not responsible for an injury to them caused by an insufficiency of the harness or the fault of the horse.

TORT for negligence in the use of a horse and carriage hired by the defendant of the plaintiffs; with a count for the conversion of the same.

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiffs' evidence tended to show that they were keepers of a livery stable in Wakefield, and let the horse and carriage to the defendant to go to Lynnfield Centre; that the defendant drove beyond Lynnfield and went to Peabody, and that the horse and carriage were returned in a damaged condition.

The defendant's evidence tended to show that he hired the horse and carriage without stating where he was going; that he tied the horse to a fence in Peabody by the guiding rein, the plaintiffs not furnishing him with a hitching strap or other fastening, and that the horse had a fit or the blind staggers, and this caused the injury complained of. It also appeared that the defendant had but one arm, and that the plaintiffs knew this fact when they let the horse.

The defendant asked the judge to rule as follows : " 1. If the plaintiffs let the horse to the defendant, knowing his disability in the loss of one of his arms, without a check rein, hitch strap, halter, or sufficient harness, it is negligence or want of due care on their part, and for all damage resulting therefrom the defendant is not liable. 2. It is immaterial whether the hiring was to Lynnfield or elsewhere, or whether any place was named or not, or whether the defendant went to Peabody or Lynnfield, if the injury resulted from the want of a check rein, hitch strap or insufficient harness, or a fit or blind staggers, or any disease, the defendant is not liable. 3. If the horse was securely tied by the rein, and broke away and thus caused the damage, the defendant is not liable. 4. If the horse had a fit or blind staggers, and the damages were the result, the defendant is not liable. 5. If the plaintiffs made a charge of the hiring of the team to the defendant no action could be maintained upon the count in trover."

These instructions the judge declined to give, but instructed the jury as follows :

" The burden of proof is upon the plaintiff to prove in order to recover one or the other of the following propositions :

" 1. If the plaintiffs and defendant made a contract, by which the defendant hired the plaintiffs' horse and carriage for use in driving to and from Lynnfield only, and in violation of that contract, the defendant drove the plaintiff's horse and carriage to Lynnfield and from thence several miles to Peabody, he became thereby responsible to the plaintiff for any injury to such horse and buggy in Peabody or while driving from Lynnfield to Peabody. Whether or not such injury was caused by any want of ordinary care or skill of the defendant in driving the horse and carriage from Lynnfield to Peabody, or in tying or managing the horse and carriage in Peabody, or by any insufficiency of the harness of said horse, or any physical infirmity, or want of docility of the horse, would be immaterial, as the defendant's use of the horse and carriage, in driving beyond Lynnfield in violation of his contract, was a conversion of such horse and carriage, in the nature of an original unlawful taking of such horse and carriage, at the time of the defendant's leaving Lynnfield, and such conversion caused the defendant to be liable in damages to the plaintiff therefor, equal to the difference between the value

of such horse and carriage at the time it was taken by the de-fendant from Lynnfield, and the value of the same when restored by the defendant to the plaintiff. Accepting pay for the use of the horse under such a contract was a waiver of the conversion.

"2. If the plaintiff and the defendant made a contract by which the defendant hired the plaintiff's horse and carriage for use in driving for pleasure for a time and distance not fixed or agreed upon by them, the defendant rightfully drove the horse to Lynnfield and thence to Peabody, and was responsible to the plaintiff for any injury to such horse or carriage, which was caused by the defendant's want of ordinary care and skill in driving or managing such horse and carriage in Peabody to be determined in view of the fact known by the plaintiffs, and pre-sumed to have been considered by them in letting the horse, that the defendant was a one armed man; but was not responsible for any injury to such horse and carriage caused by the insufficiency of the plaintiffs' harness for driving or tying the horse, or by reason of any disease, or physical infirmity, or want of docility of the horse, or by any peculiar habits or dispositions of the horse when tied, unless the defendant was notified of such pecul-iar habits and dispositions."

The jury found for the plaintiffs, and to the rulings and refusals to rule as requested the defendant alleged exceptions.

*A. V. Lynde*, for the defendant, cited *Lucas* v. *Trumbull*, 15 Gray, 306; *Hall* v. *Corcoran*, 107 Mass. 251; *Keyworth* v. *Hill*, 3 B. & Ald. 685; *Johnson* v. *Weedman*, 4 Scam. 495; Wharton on Negligence, §§ 114, 553, 559, 565.

*C. W. Eaton & S. K. Hamilton*, for the plaintiffs, cited *Rut-land's case*, 1 Rol. Ab. 5; *Mulgrave* v. *Ogden*, Cro. Eliz. 219; *Bagshawe* v. *Goward*, Cro. Jac. 147; *Isaack* v. *Clark*, 2 Bulst. 306; *Baldwin* v. *Cole*, 6 Mod. 212; *Keyworth* v. *Hill*, 3 B. & Ald. 685; *Wheelock* v. *Wheelwright*, 5 Mass. 104; *Lucas* v. *Trumbull*, 15 Gray, 306; *Hall* v. *Corcoran*, 107 Mass. 251.

BY THE COURT. The instructions given were in accordance with the law as settled in the cases cited by the counsel on both sides, and accurately and sufficiently covered all the questions at issue. The first paragraph of the instructions applied to the count for a conversion of the horse, and the second to the count for negligence.      *Exceptions overruled.*