LANE and another vs. CAMERON and another.

AMENDMENT OF COMPLAINT    (1) *Rule of limitation.*    (5) *Case stated, and rule held inapplicable.*

BAILMENT.    (3) *Rights and liabilities of bailee for use.*

PLEADING.    (2) *Joinder of contract and tort.*    (4) *Complaint construed as one for a conversion.   Surplusage rejected.*

1. A complaint cannot be amended so as to change an action on contract to one in tort.

2. *It seems* that a complaint which unites, in the same count or in different counts, a cause of action on contract with one in tort, will not be treated as a good pleading where objection is duly taken to the misjoinder.

3. The right of a bailee to use the thing bailed is strictly confined to the use expressed or implied in the particular transaction; and in case of an unauthorized use, the bailee makes himself liable for any loss, although it be by inevitable casualty.

4. The original complaint alleged that plaintiffs, at defendants' request, loaned to them a span of horses, to be used for their keeping, in a certain city, in drawing defendants' ice wagon, and for no other purpose; that defendants, wrongfully and without plaintiffs' knowledge, sent the horses away from said city to the town of V., in violation of the contract of bailment; and that by reason of defendants' carelessness and the exposure and improper management of the horses, they became sick; that defendants thereupon notified plaintiffs, and requested them to go to said town of V. and take care of said horses, and then and there undertook that in case said horses should die, they (defendants) would pay for them; that on that understanding one of the plaintiffs went out to where the horses were, and assisted in taking care of them; but that the horses died, and defendants have refused to pay for them, on demand. *Held,*

(1) That the complaint, without the averments as to defendants' *promise* near the close, shows such a misuser of the horses as amounted to a determination of the contract of bailment, and a *conversion* of the property, and therefore states a cause of action in *tort.*

(2) That said averments as to defendants' *promise* to pay, may be rejected as surplusage.

5. The complaint having been amended so as to show at length that the horses sickened and died in consequence of defendants' said violation of the contract of bailment, and so as to omit the averments

relating to their subsequent promise to pay, there was no error in refusing to strike the amended complaint from the files, on defendants' motion, upon the ground that it changed the action from one *ex contractu* to one *ex delicto*.

APPEAL from the Circuit Court for *Winnebago* County.

A pair of horses belonging to the plaintiffs, having been loaned to the defendants, became sick while in the possession of the latter, and subsequently died in consequence of that sickness. This action was brought to recover the damages thus accruing to the plaintiffs. The allegations of the original complaint are sufficiently stated in the opinion.

After the defendants had answered, the plaintiffs, by leave of the court, served an amended complaint, which set out the facts as to the borrowing, neglect and wrongful use of the horses by defendants more specifically and at greater length than the original complaint, but omitted the allegations to the effect that the defendants agreed to pay.

Upon the service of the amended complaint, the defendants moved to strike it from the files, on the ground that it proposed to substitute a cause of action *ex delicto* for the cause of action *ex contractu* stated (as defendants claimed) in the original complaint; and they appealed from an order denying their motion.

*Finch & Felker*, with *Charles Barber* of counsel, for appellants:

1. The order denying appellants' motion was appealable. Tay. Stats., 1635, § 11; *Board of Supervisors v. Decker*, 34 Wis., 378. 2. The original complaint clearly sets forth a cause of action *ex contractu*. The first part of the complaint is properly the *inducement*. It lays a foundation for the action by a statement of collateral circumstances which gave rise to the plaintiffs' claim, and states the *consideration* of the following contract, which really constituted plaintiffs' cause of action. Bouv. Dic. (14th ed.), 703, tit. "Inducement;" 1 Chitty's Pl., 259, 592. 3. The amended complaint substitutes

Lane and another vs. Cameron and another.

causes of action in tort for the action upon the express contract to pay. Although "case" and "assumpsit" were concurrent remedies at common law, the form of action elected was determined by the insertion or omission of the words "undertook" and "promised." The code has not abolished the principles by which the different forms of action were previously governed. 1 Chitty's Pl., 135, 136; *Booth v. F. & M. National Bank*, 1 N. Y. S. C., 49. 4. Even if it should be held that the complaint set forth a contract of bailment, it shows that defendants have disaffirmed the contract, and that the cause of action is in tort. When a bailee exercises dominion over the property in defiance of the owner's rights, such an act conclusively establishes a disaffirmance of the contract. 5 Mass., 104; 3 Pick., 492; 15 Gray, 306; 25 N. H., 72; 9 Am. R., 30; *Moore v. Eastman*, 4 N. Y. S. C., 37; *Towne v. Wiley*, 23 Vt., 355; *Fish v. Feris*, 5 Duer, 49; *Hall v. Corcoran*, 107 Mass., 251. 5. If the first complaint was upon contract, and the amended complaint was in tort, the order should be reversed. *Sup'rs v. Decker*, above cited. If tort and contract are so pleaded as not to be separated, the complaint should be stricken from the files under the prayer for general relief. 2 Wait's Pr., ch. 16.

*Gabe Bouck*, for respondent:

The complaint sets up two causes of action, one on the contract of bailment, the other upon the undertaking. Bailment is a contract for a breach of which an action either in assumpsit or case will lie. Edwards on Bailm., 33, 115; 1 Chitty's Pl., 102-134; *Suydam v. Smith*, 7 Hill, 182. Assumpsit or case will lie when the gist of the action is tort, if it arises out of contract. *Stoyel v. Wescott*, 2 Day (Conn.), 422; *Bulkley v. Stower*, id., 531; *Vasse v. Smith*, 6 Cranch., 226; *Bell v. Ward*, 1 Dana (Ky.), 147; *Bank of Orange v. Brown*, 3 Wend., 158; *Lockwood v. Bull*, 1 Cow., 322; *Farrur v. Wood*, 9 Ark., 85. Assumpsit is the usual remedy for neglect or breach of duty by a bailee. 1 Chitty's. Pl., 134. The only real difference,

under the old forms of action, between a declaration in assumpsit and one in case, was in the commencement, in stating the plea, whether in " trespass on the case upon promises " or trespass on the case. Yates' Pl., 246–371. Under the code, it is impossible, in an action arising out of bailment, to determine from the complaint whether the cause of action is *ex contractu* or *ex delicto*, as the complaint is to contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition."

COLE, J.   It is quite clear to my mind that the amended complaint states what under the former system of pleading would be called an action on the case.   The facts stated show a breach of duty on the part of the defendants in using the horses in a different manner, or for a different purpose, from that which was intended by the parties, and that as a consequence the horses were exposed to the disease from which they sickened and died.   That is, the very ground of the action is a breach of duty in the misuser of the horses.   In *Burnett v. Lynde*, 5 Barn. & Cress., 609, Mr. Justice LITTLEDALE states the distinction between an action in assumpsit and one on the case in the following language : " Where there is an express promise, and a legal obligation results from it, there the plaintiff's cause of action is most accurately described in assumpsit, in which the promise is stated as the gist of the action.   But where from a given state of facts the law raises a legal obligation to do a particular act, and there is a breach of that obligation, and a consequential damage, there although assumpsit may be maintainable upon a promise implied by law to do the act, still an action on the case founded in tort is the more proper form of action, in which the plaintiff in his declaration states the facts out of which the legal obligation arises, the obligation itself, the breach of it, and the damage resulting from that breach." 1 Chitty's Pl., 136.   Consequently, before the code the actions of assumpsit and on the case were concur-

rent remedies for many injuries resulting from nonfeasance, misfeasance, and malfeasance to personal property. *Booth v. The Farmers & Mechanics' National Bank*, 1 N. Y. Sup. C. R., 45. But this rule is so familiar that it would be a waste of time to dwell upon it.

The motion to strike the amended complaint from the files is based upon the objection, that, as the original complaint was upon contract, the amendment was not allowable; that it is not permissible, under the form of amendment, to change an action upon contract into one in tort, and therefore the motion should have been granted. *Supervisors of Kewaunee Co. v. Decker*, 34 Wis., 378. This requires an examination of the original complaint, in order to ascertain what cause of action is there stated. The counsel for the plaintiffs insists that it states two causes of action : one on the contract of bailment, whether designated assumpsit or case ; and the other upon the undertaking to pay the value of the horses in case they should die, providing the plaintiffs would go out to the town of Vinland, where the horses were, and take care of them. The proposition that a complaint might be so framed as to state in the same count, or in any number of counts, a cause of action *ex contractu*, and also one *ex delicto*, and still be a good pleading, is one we should be unwilling to sanction, certainly where any objection was taken to the misjoinder. But irrelevant and redundant matter may be stated in the complaint, which will not vitiate it, providing facts are stated which constitute a good cause of action. In the original complaint it is alleged, in substance, that the plaintiffs, at the request of the defendants, loaned to them a span of horses to be used, for their keeping, in the city of Oshkosh, in drawing their ice wagon and for no other purpose; that the defendants, wrongfully and without the knowledge of the plaintiffs, sent said horses away from the city of Oshkosh to the town of Vinland, in violation of the contract of bailment; and that, by reason of the carelessness of the defendants and the exposure and improper management of

the horses, they became sick, etc.  This, we think, states a good cause of action in tort.  It was virtually such a misuser of the horses as to amount to a determination of the contract of bailment, and to a conversion of the property.  For the right to use the thing bailed is strictly confined to the use expressed or implied in the particular transaction; and the borrower, by any excess, makes himself responsible for the loss, although it be by some inevitable casualty.  Story on Bailm., §§ 232, 233 and 241.  And therefore what is stated in the subsequent part of the complaint,* that the defendants promised to pay for the horses in case they should die while under the care of the plaintiffs, may be rejected as surplusage.  The duty of the defendants to use the horses in the place and for the purpose for which they were loaned, is very accurately stated, as well as the damage resulting to the plaintiffs from a breach of that obligation; and the redundant matter does not countervail or destroy what is well pleaded.  It follows from these views that there was no error in refusing to strike the amended complaint from the files.

*By the Court.* — The order of the circuit court is affirmed.

LYON, J., took no part in the decision of this cause.

---

* After the allegations the substance of which is previously set forth in the opinion, the original complaint averred, in the same count, that thereupon defendants notified the plaintiffs, and requested them to go out to said town of Vinland and take care of the horses, "and undertook then and there that in case said horses should die, they, the defendants, would pay for them;" that one of the plaintiffs did, on that understanding, go out to where the horses were stabled, and did assist in taking care of them; that afterwards, on etc., the horses died; and that defendants have refused to pay for them on demand, etc. — REP.