Kellar v. Garth.

it held its October term of that year under that act ( sec. 2313 ) and not under section 9, article 6, of the constitution.

---

JOSEPH KELLAR, Respondent, v. JOHN B. GARTH et al., Appellants.

Kansas City Court of Appeals, May 11, 1891.

Conversion: HIRER OF HORSES LIABLE FOR DAMAGES : CHANGE OF DRIVER. If the hirer of mules substitutes some one else as driver instead of him who is placed in personal charge by the owner, he is guilty of conversion, and liable for damages resulting from injuries received whether negligently or not ; and whether he directed the substitution or simply permitted it, is immaterial.

Appeal from the Clay Circuit Court.—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

H. F. Simrall and J. J. Williams, for appellants.

The court erred in giving instructions, numbered 3 and 4, for the plaintiff, and numbered 4, of its own motion. First. These instructions proceed upon the theory that the evidence shows a bailment from Kellar

to the Garths of the mules and scraper—that, under the contract, Stephenson, "and no one else," should drive the mules; that a servant of the Garths, with their consent, and in the discharge of his duty, undertook to and did drive the mules without the plaintiff's consent; and that, by permitting such change of, drivers, they converted the property to their own use, and so became liable for the injury to the mule. *Second.* There is a very wide difference between this case, and the multiplied cases where a hirer of a horse, either alone or with a conveyance, goes further, or in a different manner or direction, or puts the horse to a different use from what he contracted to do. The defendants hired a driver, with the mules and scraper; that driver was and remained the servant and agent of the plaintiff, and had the custody of the mules and scraper. Story on Bailments [6 Ed.] sec. 403; *Laugher v. Pointer*, 5 Barn & Cress. 547. The letter of the mules, not the hirer, would be responsible for the negligence or incompetency of the driver furnished (Wood on Master & Servant [2 Ed.] sec. 317, *et seq.*), except where the injury is caused by carrying out the express order of the hirer. *Fox v. Young*, 22 Mo. App. 386. *Third.* Instruction 4, for the plaintiff, lays down the doctrine that the driver furnished could not consent to a change, unless he was authorized by the plaintiff to consent to "such change." When a person puts another in his place to do certain acts in his absence he necessarily leaves him to determine for himself according to his judgment and discretion, according to circumstances and exigencies that may arise, when and how the act is to be done, and trusts him for its proper execution." Wood's Master & Servant [2 Ed.] secs. 288, 307; *Garretzen v. Duenckel*, 50 Mo. 104.

*Burris & Lawson*, for respondent.

(1) When the defendants, by their servant, took the team and commenced driving it, it was a conversion

to such an extent as to make them liable for any injury which occurred, whether by fault of the driver or by accident. Especially is this true when their servant commenced to drive the team in their presence, and was allowed to continue to drive the same without objection. The act of the servant was the act of the defendants. Whitaker's Smith on Neg. [1 Amer. Ed.] p. 162, note o; Story on Bailments [4 Ed.] p. 396, sec. 403, note 3; *Hall v. Corcoran*, 107 Mass. 251; *Perham v. Toney*, 117 Mass. 102; *Lucas v. Trumbull*, 15 Gray, 306; *Fox v. Young*, 22 Mo. App. 336; *Allen v. McMonagle*, 77 Mo. 478.

ELLISON, J.—This action is for an injury to plaintiff's mule. He recovered below, and defendants appeal. Plaintiff hired his driver, team and scraper to defendants. The mule was injured while being driven by one of defendants' servants. Defendants were in charge of the work. Their servant, with their knowledge and consent took the place of the man whom plaintiff and they had contracted should be the driver. Defendant, John Garth, testified as follows: "Father told me to have the pond cleaned out. I saw Kellar (plaintiff) and asked him for his team and scrapers and driver to clean it out. He said I could pay $3 per day for the team, but that I would have to furnish a man to handle the scraper, so I got Monroe Jacobs and they went to work." His testimony further showed that he superintended the work, and that this Monroe Jacobs exchanged places with plaintiff's driver; that is, Jacobs drove the team and plaintiff's driver held the scraper; that this was done not by his direction, but *with his consent*. He states, "I never said anything one way or the other about it, I allowed it." By putting the team in charge of their own servant, they committed a tort in the nature of a conversion, and are liable, regardless of whether the accident happened through negligence of Jacobs while driving. If one hires a horse for a

certain purpose and uses him for a different purpose, it is a conversion. *Perham v. Toney*, 117 Mass. 102; *Hall v. Corcoran*, 107 Mass. 251; *Lucas v. Trimball*, 15 Gray, 306.

So, I cannot see why it would not also be a conversion if the hirer substitutes some one else instead of him who is placed in personal charge by the owner. I think this logically follows from the rule announced in Story on Bailments, sections 188, 241, 413. See, also, *Fox v. Young*, 22 Mo. App. 386. The owner may know that his animals cannot be properly managed by anyone other than him whom he has selected. It is his right to keep them in charge of him whom he selects, and when this right is knowingly violated without cause or necessity the damage accruing during the period of such violation should be put upon him who makes the change. It fills the terms of the definition of a conversion. *LaFayette Co. Bank v. Metcalf*, 40 Mo. App. 502. And in this I make no distinction between what defendant permitted to be done in this case and if he had affirmatively ordered it to be done.

The judgment is affirmed. All concur.