FRANK N. PALMER vs. ALFRED MAYO ET AL.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

One who hires a horse and carriage to drive to a stated place is liable in an action of tort for an injury to the property while driven by him, or by others with his consent, to an entirely different place, even though such injury was the result of accident and not of negligence in the manner in which the property was used; and the same liability for such an injury attaches, also, to one who receives the property from the bailee with a knowledge of the purpose for which it was to be used under the contract.

Submitted on briefs October 29th—decided December 17th, 1907.

ACTION to recover damages for the loss of the plaintiff's horse and injury to his harness and carriage, alleged to have been caused by the negligent and unlawful acts of the defendants, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff for $350, and appeal by the defendant Cook. *No error.*

*Charles S. Hamilton,* for the appellant (defendant Cook).

*Matthew A. Reynolds* and *Jeremiah F. Donovan,* for the appellee (plaintiff).

VOL. LXXX—23

HALL, J. Upon the trial to the jury in the Court of Common Pleas, the plaintiff, who conducts a livery business in New Haven, offered evidence to prove these facts: Between six and seven o'clock on the evening of May 11th, 1906, the defendant Mayo hired a horse and carriage of the plaintiff for the stated purpose of driving to East Haven on business. He did not go to East Haven, but, after driving part way there, drove to the house of one Scott, a son-in-law of the defendant Cook, and there, at about eight o'clock, permitted Cook to take the horse and carriage to drive with Scott to his, Cook's, home, a few blocks away, Mayo stating to Cook that they must be immediately driven back by Scott, in order that they might be returned to the plaintiff's stables. Instead of going to his home, Cook and Scott drove to West Haven and Savin Rock, visiting several saloons and purchasing a bottle of whiskey and becoming intoxicated, and at about half past ten drove against a trolley-pole and trolley-car by which collision the carriage was destroyed and the horse killed.

The defendant Cook claimed to have proved that he had no knowledge that the horse and carriage belonged to the plaintiff, or that they had been hired to be driven to any particular place, but that he believed, and was informed by Mayo, that they were owned by him; that Mayo invited Scott to take the horse and carriage and give Cook a ride; and that Scott thereupon took Cook for a drive in said carriage, Scott at all times driving the horse and Cook having no control over it; that they were not intoxicated, but that the horse became frightened and uncontrollable, and ran into a trolley-pole and in front of a trolley-car, and caused said injuries to the horse and carriage and also serious injuries to said Cook.

The defendant Cook requested the court to charge the jury, in substance, that he would not be liable to the plaintiff for the injury to the horse and carriage: (1) if he had no knowledge of the particular purpose for which they were hired, but supposed from Mayo's representations that they belonged to him; nor (2) if he had no control or

management of the horse and carriage, but was merely riding with Scott; nor (3) if the collision with the telegraph or trolley-pole and car was an " inevitable accident" caused by the horse becoming frightened and uncontrollable from the noise of a passing train, and without any negligence upon his part.

The charge was favorable to the defendant Cook upon the first and second of these requests, excepting, as the court very properly charged, that Cook would be liable in any event, if it was proved that he negligently drove the horse and carriage into a telegraph or trolley-pole, as alleged in the complaint, and so caused the injury. As to the third request, the court instructed the jury, in substance, that if Mayo loaned the horse and carriage to Cook, and he knew the purpose for which they had been hired by Mayo, he would be liable, even if the collision with the telegraph or trolley-pole and car was accidental and without any negligence on Cook's part.

The third request was rightly refused, nor should a new trial be granted upon the instruction given by the court upon the subject of that request. In the case of *Frost* v. *Plumb*, 40 Conn. 111, which was an action of trover and trespass on the case, the plaintiff sought to recover the value of a horse which the defendant had hired to drive to a stated place, and which had died from having been driven by him and others with his permission, beyond said specified place, and from having been driven immoderately. In granting a new trial, upon the ground that the trial court had erroneously charged the jury that the plaintiff could not recover if he had knowingly let his horse on Sunday for other purposes than those of necessity or charity, this court said (p. 113): "It was only necessary for the plaintiff to prove his own title to the property, and a conversion by the defendant. The destruction of the horse was a conversion; and proof that the injury which caused his death occurred while being driven without the consent of the owner, shows a complete cause of action without any reference to an illegal contract."

A bailee is liable in an action of tort for an injury to property bailed, occurring during a use of it by him, or by others with his consent, which was neither expressly nor impliedly authorized by the contract of bailment, even though such injury was the result of accident and not of negligence in the manner in which the property was used. *Ross* v. *Southern Cotton-Oil Co.*, 41 Fed. Rep. 152; *Hall* v. *Corcoran*, 107 Mass. 251; *Buchanan* v. *Smith*, 10 Hun (N. Y.) 474; *Lane* v. *Cameron*, 38 Wis. 603; *De Voin* v. *Michigan Lumber Co.*, 64 Wis. 616, 25 N. W. 552; *Farkas* v. *Powell*, 86 Ga. 800, 13 S. E. 200; *Kellar* v. *Garth*, 45 Mo. App. 332.

Whether one who receives property from a bailee, without knowledge of the purpose for which it is to be used under the contract of bailment, is liable for an injury to it arising from a use not authorized by such contract, without proof of negligence, we have no occasion to decide, since the trial court charged in the defendant Cook's favor upon that question. Nor is the question whether it was proper for the plaintiff to allege in the same paragraph of his complaint, both that Cook unlawfully drove the team to West Haven, and that he negligently drove the horse against the telegraph pole, before us, since it does not appear to have been properly raised in the lower court.

There is no error in the rulings upon evidence complained of. They require no discussion.

The motion to set aside the verdict as against the evidence was properly denied. A perusal of the defendant Cook's testimony is sufficient to satisfy us that the verdict rendered was a just one.

There is no error.

In this opinion the other judges concurred.