IRENE KENNEDY *vs.* R. & L. COMPANY.

Suffolk.   March 13, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Invited person.   *Automobile.*

A woman who, while travelling in an automobile owned by a corporation dealing in automobiles, receives personal injuries, cannot recover in an action against the owner wherein she alleges and proves that her injuries were caused by negligence of the driver without wanton or reckless misconduct on his part, if, on the aspect of the evidence most favorable to the plaintiff, it appears that, for the sole purpose of accommodating the advertising manager of a corporation publishing a newspaper in which the defendant advertised, the defendant sent the automobile to the house of a woman, who was an employee of the publishing corporation, to take her and her mother to an adjoining city, that that employee and her mother got into the automobile, that then by that employee's direction the automobile was driven to the residence of the plaintiff, who also was in the employ of the publishing corporation, and at the employee's invitation the plaintiff entered it and went on the trip during the course of which she received her injuries.

TORT for personal injuries received, when the plaintiff was in an automobile owned by the defendant, by reason of a collision between it and another automobile.   Writ dated February 9, 1914.

In the Superior Court the case was tried before *King,* J. The material evidence is described in the opinion.  There was a verdict for the plaintiff in the sum of $15,505, of which the plaintiff remitted all but $9,505.  The defendant alleged exceptions.

*H. W. Packer & J. W. Allen,* (*F. A. Winchester* with them,) for the defendant.

*E. Field,* (*C. C. McCarthy* with him,) for the plaintiff.

BRALEY, J.  The plaintiff's due care is conceded, and if, without deciding, it is assumed the jury further could find that the car had been dispatched by a duly authorized agent of the company, that the unlicensed driver while operating the automobile was its servant, and that the plaintiff's injuries were caused by his negligence, the plaintiff cannot recover unless the defendant had undertaken the duty of providing her with transportation;

or, as averred in the declaration, that "she was lawfully travelling" in its car.

The company, although engaged in the sale of automobiles, did not let them for hire and there seems to have been no substantial dispute, or the jury upon the aspect of the evidence most favorable to the plaintiff could have found, that one Martin, the "advertising manager" of a company publishing a paper in which the defendant advertised, had been requested by an employee, Edna A. Gilmore, to "obtain an automobile and driver for her to take her mother out to Medford for a certain purpose," and that in response to this request Martin telephoned to the office of the defendant company and requested that a touring car for her use be sent to the street and number of Miss Gilmore's house. The defendant, for the sole purpose of accommodating Martin, thereupon sent the car to the house and, after Miss Gilmore and her mother got in, they drove by Miss Gilmore's direction to the plaintiff's residence, where upon her invitation then or previously given the plaintiff, a fellow employee at the publishing company's office, joined them, when they proceeded to Medford. It was on the return trip that the collision occurred.

The burden of proof rested on the plaintiff to show that under the circumstances through which she had become an occupant of the car the defendant undertook to exercise reasonable care to protect her from injury during the journey. If the car and driver were lent to Martin for his own use or the use of his friends, the plaintiff cannot recover. The defendant had no interest in the purposes or undertaking for which Martin had requested and obtained the loan of the car. It only permitted him to use the car for his own accommodation. *Herlihy* v. *Smith*, 116 Mass. 265, 266. The evidence fails to show any contract for hire or in payment of any services of Martin in the past, or to be rendered in the future.

But even if his request was complied with in order to retain his good will, or in recognition of past favors from him personally, or in the hope of future favors from the publishing company, or in expectation that if his friends desired to purchase a car he would recommend the defendant's automobiles, the service which the defendant undertook was to transport the persons named within the limits already described. It is settled that the extent to

which property which is the subject of bailment can be used by the bailee must be determined by the contract. *Perham* v. *Coney,* 117 Mass. 102. *United Shoe Machinery Co.* v. *Holt,* 185 Mass. 97. *Cartlidge* v. *Sloan,* 124 Ala. 596, 602. *De Voin* v. *Michigan Lumber Co.* 64 Wis. 616. *Felton* v. *Deall,* 22 Vt. 170. *Bryant* v. *Wardell,* 2 Exch. 479. The car was furnished for the use of a particular person for a particular service, and, while its full use and enjoyment for that purpose was implied, the defendant did not contract for or assent to its use by the plaintiff, who at most was only a licensee to whom it owed no duty except to refrain from wanton and reckless acts on the part of its servant in driving the car, which are not charged in the declaration or shown by the evidence. *Freeman* v. *United Fruit Co.* 223 Mass. 300. *Walker* v. *Fuller,* 223 Mass. 566. *McColligan* v. *Pennsylvania Railroad,* 214 Penn. St. 229. *Felton* v. *Deall,* 22 Vt. 170. *Smith* v. *Bailey,* [1891] 2 Q. B. 403. 3 R. C. L. Bailments, § 32.

The request for instructions to the jury that "Upon all the evidence, the jury must find for this defendant" and "That there is no evidence for your consideration of negligence on the part of the defendant R. & L. Company" should have been given. The remaining exceptions in so far as not covered by what has been said need not be considered.

*Exceptions sustained.*