FRYER, Appellant, v. COOPER, Respondent.

(220 N. W. 486.)

(File No. 6091. Opinion filed July 14, 1928.)

*W. F. Bruell* and *R. M. Henderson,* both of Redfield, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

BURCH, P. J. In the spring and summer of 1923 plaintiff was the owner of a Percheron stallion. Defendant, desiring the services of a stallion, contracted with plaintiff to take, feed, and care for said stallion during the year 1923. The exact terms of the contract are in dispute. Plaintiff claims he was to have an equal division of a $12 service fee for each colt begotten, and that

defendant was to care for the horse in the usual manner. Defendant claims he was to pay nothing for colts from his own mares, but was to divide equally fees for colts from other mares, and that he was to have the use of the horse for work. Five colts were begotten, four from defendant's mares and one from a neighbor's. On a hot day in July or August, defendant was working the horse on a binder with three horses of his own, when the horse became sick. On noticing the horse was sick, defendant took him out of the harness, put water on his head and started to lead him to the barn about a mile distant. After leading him a short distance, the horse laid down and shortly thereafter died. This action is brought to recover the value of the horse because of its death, claimed to have been caused by defendant's negligence, and to recover $30 service fees. Defendant, in addition to a plea in bar, pleaded a counterclaim, but, as no evidence was offered in support of the counterclaim, it will not be further noticed. The jury returned a general verdict in favor of defendant, and judgment was entered accordingly. From the judgment and an order denying a new trial, plaintiff has appealed.

There being no dispute as to the right to a share of service fees for colts from mares not belonging to respondent and no counterclaim, it would seem that the verdict should have been for plaintiff for at least $6. But this has not been stressed in appellant's brief, and, in considering the sufficiency of the evidence to support the verdict, we will give this small sum no consideration. If the evidence is otherwise sufficient, it will be held sufficient to support the verdict.

Both sides concede the contract should be construed as a contract of bailment and the law of bailments applied. The bailment was for the mutual benefit of both parties, and therefore the bailee was bound to exercise only ordinary care so long as he did not depart from the terms of the contract. Respondent's version of the contract is that he, having no time and no proper facilities for otherwise exercising the horse, was to have the right to use the horse in light work for the purpose of giving him proper and needed exercise. In his testimony this is substantially all that respondent claims, although in his answer he alleges the right to work the horse as a part of the consideration for his keep.

The assignments raise two principal questions; namely,

the burden of proof, and the sufficiency of the evidence. The court instructed the jury that the burden of proof was upon appellant to show negligence of respondent. Appellant contends the burden was upon respondent to show due care. Technically, the burden of showing negligence is upon the party alleging it. However, many cases hold, and we think it is the generally accepted doctrine, that, when a bailor proves delivery of the property to the bailee, and the bailee's failure to return it on demand, or that it was returned damaged in such a way as does not usually occur by the exercise of proper care, negligence will be presumed, and the bailee must then account for the loss or damage in some way which does not on its face involve negligence. 3 R. C. L. 151.

In this case, when appellant proved the delivery of the horse in good condition to respondent, and its death under circumstances indicating that the death was caused by overheating while doing heavy work on a hot day, he made out a prima facie case, and it was then incumbent on respondent to go forward with the proof and show due care in working the animal.

But the foregoing is applicable in this case only in the event that the jury find that there was no departure from the contract. The right to use the horse for work is an issue in this case. If the jury find that respondent had no right under his contract to use the horse in that manner and so used him in violation of instructions and of his contract, he was liable, regardless of any degree of care or diligence. Appellant requested the court to instruct the jury that—

"If you find the defendant had no right to use the stallion as a draft or work horse, and the use of the animal by the defendant contributed to or caused the death of the animal, your verdict should be for the plaintiff."

This instruction was refused. Instead the court instructed the jury, in substance, that to recover for the value of the horse plaintiff must prove the death of the horse was due to the negligence of the defendant, and, if you find that it was agreed that defendant should use the horse as a work horse, then defendant was bound to use only ordinary care, but, if you find that plaintiff told defendant that the horse should not be used as a work horse, then in using the horse as a work horse defendant was bound to use a greater degree of care and diligence and was bound to know

any peculiar danger there might be in such case. Such instruction was erroneous. By the great weight of authority the use by a bailee of property contrary to instructions and without the terms of the contract amounts to a conversion of the property, and the bailee is liable for its loss absolutely, whether the loss occurred through negligence or inevitable casualty. McCurdy v. Walldom F. & C. Co., 94 Minn. 326, 102 N. W. 873, 3 Ann. Cas. 468, and note; Cobb v. Wallace, 5 Cold. (Tenn.) 539, 98 Am. Dec. 435, and note; Swift v. Mosely, 10 Vt. 208, 33 Am. Dec. 197; Towne v. Wiley, 23 Vt. 355, 56 Am. Dec. 85, and note; Crocker v. Gullifer, 44 Me. 491, 69 Am. Dec. 118; Graves v. Smith, 14 Wis. 5, 80 Am. Dec. 762, and note; Stewart v. Davis, 31 Ark. 518, 25 Am. Rep. 576; Palmer v. Mayo, 80 Conn. 353, 68 A. 369, 15 L. R. A. (N. S.) 428, 125 Am. St. Rep. 123, 12 Ann. Cas. 691, and note. See, also, 3 R. C. L. 109, § 33, 3 C. J. 27; 6 C. J. 1114. The refusal of the trial court to correctly instruct the jury as to the law in the event they found respondent had no authority to so use the horse requires a reversal of the judgment.

■ In the event of another trial, a review of the evidence may be helpful. Appellant proved the horse was taken sick, apparently being overcome by heat, while working as one of a team of four horses on a binder, about 11 o'clock on a very hot day in midsummer; that in a very short time after becoming sick he died; that work on a binder was heavy work; that the horse had been sweating and shortly before or at the time he became ill was pulling on the bit; that when he was taken out of the harness respondent applied water to his head, but was unable to revive him; that shortly after the horse died respondent came to appellant's house and informed appellant of the death of the horse, and then declared it was his (respondent's) fault. To meet appellant's prima facie case, respondent says he does not know what caused its death, that he had only worked the horse from about 8 o'clock to 11, when it was taken sick, and that he worked in the team horses of his own, two of them being thoroughbred Percheron mares. But he does not show how the horse was worked, whether on an evener, giving equal draft on all the horses, the amount of work done, how the horse behaved during the time, although there is undisputed evidence in the record that a stallion is liable to become nervous, fret, and overheat himself where other horses will not

do so. He does not deny the work was very heavy for four horses, nor does he deny his admissions of fault claimed to have been made at appellant's home, nor that the horse was overheated. In short, he contents himself with saying he does not know what caused the death of the horse, although all the circumstances surrounding its death are peculiarly within his knowledge. The evidence is insufficient to support the verdict.

For the errors above mentioned, the judgment and order appealed from are reversed.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.