### ALMER H. WALKER *vs.* ALVAN T. FULLER.

Suffolk.    March 10, 1916. — April 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Invited person, Trespasser.    *Automobile.*

Where the agent of a manufacturer of automobiles, maintaining an automobile station in Boston, had established a rule prohibiting chauffeurs in his employ from carrying any employee in any customer's car, which rule occasionally was violated but without the employer's knowledge, and where one of such chauffeurs when driving a customer's car was asked by a fellow employee, whose work for the day was done and who was waiting to take a street car, whether he was going in town, to which the chauffeur replied that he was, whereupon his fellow employee got into the automobile and sat in the rear seat, the chauffeur knowing "that he took chances of losing his job if he gave anybody a ride," and thereupon the chauffeur proceeded on his way in the automobile and a collision occurred in which the fellow employee was injured, in an action for such injuries brought by him against his employer, it was *held*, that there was no evidence that the plaintiff was being carried in the automobile by invitation of the defendant and that accordingly the plaintiff was in the position of a trespasser to whom the defendant owed no duty of care.

CROSBY, J.    This is an action of tort against the agent of the Packard Motor Car Company of Boston to recover for personal injuries received by the plaintiff while being carried in an automobile operated by one Woods, an employee of the defendant. The automobile was owned by one Percival, a customer of the defendant.

The plaintiff, who was also in the defendant's employ at the latter's automobile station, finished his work at about five o'clock on the afternoon of the day of the accident, and while waiting to take a street car, saw Woods as he drove out of the defendant's

yard. The plaintiff asked Woods if he was going in town and the latter replied that he was, whereupon the plaintiff got into the automobile and sat in the rear seat. As the machine was proceeding along Commonwealth Avenue on the right side, it came into collision with another automobile and the plaintiff received the injuries for which he seeks to recover in this action.

It is conceded that the plaintiff had finished his work for the day before he entered the automobile, and the first question is whether as to the defendant he was an invitee or a trespasser.

Woods, the chauffeur, who was called as a witness by the plaintiff, testified that there was a rule established by the defendant prohibiting chauffeurs "giving rides to other employees in the cars they were driving; that they were not to give any of the employees rides in any of the customers' cars or the owners; that they were not supposed to give any of the employees rides in those cars; that the order was given to them by Mr. Grant, their foreman, and he received it from Mr. Sheldon; that this instruction was given to him at the time he entered their employ; that he did not ordinarily obey the order; that when Mr. Walker was riding in the car down Commonwealth Avenue, he (the witness) knew that it was in direct violation of the rules of the company; that he picked him up outside of the factory at about half past five; that he was taking chances in violating the rules of the company in that way; that he took chances of losing his job if he gave anybody a ride; that he knew that was the penalty; that he knew men had been discharged for violating that rule."

The testimony of Woods was uncontradicted, although there was evidence that on different occasions the rule had been violated; but there was no evidence to show that the defendant knew of such violations.

At the time of the accident the plaintiff was on his way home, and for his own convenience was in the automobile without the knowledge or consent of the defendant. The invitation of the defendant's employee Woods was not an invitation of the defendant. *McManus* v. *Thing,* 194 Mass. 362.

While there was evidence from which it could be found that the rule was occasionally violated, it falls far short of justifying a finding that such violation was so frequent, continual and notorious as to show that the rule was no longer in force and had been aban-

doned, as was held in *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574, *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, *Letchworth* v. *Boston & Maine Railroad,* 220 Mass. 560.

The plaintiff was not being carried in the automobile at the time he was injured by reason of any invitation of the defendant or of anyone in his employ who was authorized by him to extend such an invitation. It is plain therefore that he was a trespasser and cannot recover. *Wheelwright* v. *Boston & Albany Railroad,* 135 Mass. 225. *Galligan* v. *Metacomet Manuf. Co.* 143 Mass. 527. *Shea* v. *Gurney,* 163 Mass. 184. *Driscoll* v. *Scanlon,* 165 Mass. 348. *Bowler* v. *Pacific Mills,* 200 Mass. 364. *Hillman* v. *Boston Elevated Railway,* 207 Mass. 478.

As there was no evidence to justify a finding that the plaintiff was in the automobile by invitation of the defendant, the questions whether there was evidence that the plaintiff was in the exercise of due care and that the defendant was negligent were immaterial.

In accordance with the terms of the report,* let the entry be

*Judgment for the defendant.*

*J. D. Graham,* for the plaintiff.
*F. B. Kendall,* for the defendant.

---

* By *Fessenden,* J., who ordered a verdict for the defendant Fuller and reported the case for determination by this court.