GEORGE WELCH, administrator, *vs.* ELLEN O'LEARY.

Middlesex.    April 5, 1933. — June 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Invited person, Motor vehicle.  *Agency,* Scope of authority.
*Evidence,* Presumptions and burden of proof, Of authority of agent.
*Motor Vehicle,* Operation.

At the trial of an action by an administrator against the registered owner
of an automobile for conscious suffering and the death of the plaintiff's
intestate, his wife, there was evidence that the defendant assented to a
request by the intestate that her husband be allowed to take the auto-
mobile on a certain occasion to go to another city for the husband's
purposes; that the husband accordingly took the automobile, receiv-
ing from the defendant the registration and keys thereof; that the
intestate accompanied her husband on the journey in question; that
the intestate asked a third person to drive the automobile back from
the other city; and that the intestate received injuries resulting in her
death by reason of the third person's operation.  It appeared that the
defendant was not an occupant of the automobile on the journey.
There was no evidence that the defendant authorized the third person
to invite the intestate to ride in the automobile, or had any communi-
cation with the third person, or knew that he was to operate the
automobile.  *Held,* that
   (1) It could not properly have been inferred from the evidence that
the defendant knew or ought to have known that the intestate was
going on the journey with her husband, or that the defendant expressly
or impliedly invited her to do so, or authorized the husband to take
her with him;
   (2) G. L. (Ter. Ed.) c. 231, § 85A, did not make the evidence, that
the automobile was registered in the name of the defendant as owner,
*prima facie* evidence that the third person was authorized to invite the
intestate to ride in the automobile or that the defendant was liable
for the intestate's injuries and death;
   (3) The evidence did not warrant a finding that the defendant
invited the intestate to ride in the automobile or authorized any other
person to invite her to do so;
   (4) The plaintiff could not recover.

TORT.    Writ dated January 15, 1931.

The action was tried in the Superior Court before *O'Con-
nell,* J.    Material evidence is stated in the opinion.    The
judge ordered a verdict for the defendant.    The plaintiff
alleged an exception.

*J. J. Bruin*, for the plaintiff.

*J. H. Gilbride*, (*J. J. Hogan* with him,) for the defendant.

FIELD, J. This is an action of tort. The declaration is in two counts: the first for the death of the plaintiff's intestate — his wife — and the second for her conscious suffering. It could have been found that the plaintiff's intestate received injuries resulting in her death by reason of the operation by one Sullivan of an automobile owned by the defendant and registered in her name. A verdict was directed for the defendant and the plaintiff excepted.

The verdict was directed rightly.

The first count of the declaration is based on negligence and the second on gross negligence of the operator of the automobile. The defendant was neither the operator nor an occupant of the automobile at the time of the accident. She is not liable for death or injuries resulting from the negligence or gross negligence of the operator thereof to a person riding therein without her invitation, express or implied, or that of some person authorized by her to give such an invitation. *Walker* v. *Fuller*, 223 Mass. 566. *O'Leary* v. *Fash*, 245 Mass. 123, 125. And the evidence did not warrant a finding that the defendant invited the intestate to ride in her automobile or authorized any other person to invite her to do so.

There was evidence that the defendant had known the intestate and her husband for a number of years, that the defendant had permitted the husband to borrow the automobile on many occasions and that he "had driven her around to different places and different cities and towns, without compensation, many times before the accident." There was also evidence that on this occasion the intestate called at the defendant's home and asked her if the husband could take the automobile the next day to go to Boston in regard to employment, that the defendant assented and that the next day the husband borrowed the automobile and the defendant then turned over to him the registration and keys. It could not properly have been inferred from the evidence that the defendant knew or ought to have known that the intestate was going with her husband, or

that the defendant expressly or impliedly invited her to do so, or authorized the husband to take his wife with him.

There was evidence that the intestate asked Sullivan to go to Boston with them and to drive the automobile back. But there was no evidence that the defendant authorized Sullivan to invite the intestate to ride in the automobile or that the defendant had any communication with him or even knew that he was to operate the automobile. By G. L. (Ter. Ed.) c. 231, § 85A, evidence that at the time the accident occurred the automobile "was registered in the name of the defendant as owner," was "*prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible." This statute, however, did not make such evidence *prima facie* evidence that Sullivan was authorized to invite the plaintiff's intestate to ride in the automobile so that, in the absence of other proof, the defendant became liable in damages for her injuries and death. *Bruce* v. *Hanks*, 277 Mass. 268, 272–273.

It is not necessary to decide whether the plaintiff's case fails on any other ground.

*Exceptions overruled.*