ALIDA THERIAULT *vs.* ARTHUR J. PIERCE.

MARY A. WALSH *vs.* SAME.

Worcester. September 23, 1940. — December 12, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Negligence,* Violation of law, Motor vehicle, Licensee. *Motor Vehicle,* Operation.

Mere violation of § 12 of G. L. (Ter. Ed.) c. 90 by a bailee in general control of an automobile in permitting it to be operated by one whom he knew to be under the influence of intoxicating liquor and not to have an operator's license could not be found to be negligence toward one who without the bailee's authority was in the automobile as a guest of the operator and was injured in a collision, since the bailee owed no duty of due care to the injured person.

TWO ACTIONS OF TORT. Writs in the District Court of Leominster dated April 25, 1938.

On removal to the Superior Court, the actions were tried together before *Morton,* J., who ordered verdicts for the defendant. The plaintiffs alleged exceptions.

*H. G. Bowen,* for the plaintiffs.

*W. M. Quade,* for the defendant.

QUA, J. The plaintiffs were injured on Water Street in Fitchburg in the evening of February 6, 1938, when an automobile in which they were riding, operated by one Metivier, ran into the rear of a parked truck. See *Leblanc* v. *Pierce Motor Co., post,* 535.

It is necessary to note carefully the exact issues presented for decision. Each plaintiff in her declaration alleges that the automobile was under the control of the defendant; that he was negligent in allowing Metivier to operate it; and that the defendant allowed Metivier to operate while Metivier was under the influence of intoxicating liquor and when his license to operate had been revoked and had not been restored. No contention is made that Metivier was the defendant's agent or employee or that the defendant is

liable for any negligence of Metivier. In open court the plaintiffs disclaimed any such contention. As the plaintiffs state in their brief, negligence on the part of the defendant himself in allowing Metivier to drive the automobile is the sole basis of their claims. The only exception in each case is to the direction of a verdict for the defendant.

The automobile was owned by the Pierce Motor Company, of which Pierce was president and treasurer. There was ample evidence that on the evening of the accident the automobile was bailed to the defendant, who had complete control over its movements; that, as the jury found in answer to a special question, the defendant allowed Metivier to take the automobile; and that when allowed to take it, Metivier was under the influence of liquor and also had no operator's license. There was further evidence that Metivier, after taking the automobile and in the absence of the defendant, invited the two plaintiffs to ride with him from Leominster into Fitchburg, and that the accident occurred on the way. The plaintiffs insist that the defendant violated G. L. (Ter. Ed.) c. 90, § 12, which provides in part that "No person shall allow a motor vehicle . . . under his control to be operated by any person who has no legal right so to do, or in violation of this chapter" (see also §§ 10, 23, 24); that such violation of law was evidence of the defendant's negligence; and that the cases should have been submitted to the jury.

There can be negligence only where there is a duty to be careful. *Royal Indemnity Co.* v. *Pittsfield Electric Co.* 293 Mass. 4, 6. It is idle to talk of negligence unless one keeps in mind also the nature of the duty, if any, which the party accused of negligence owes to the party claiming to have been injured. If these plaintiffs had been pedestrians or had been riding in some other vehicle, the defendant would have owed to them the duty to exercise care which in general everyone owes to travellers rightfully upon the public ways, and evidence of the defendant's violation of law would have been evidence of a violation of that duty and therefore evidence of negligence for the consideration of the jury. *Conroy* v. *Mather*, 217 Mass. 91, 92, 93, 94.

*McDonough* v. *Vozzela,* 247 Mass. 552, 555, 559. *Gordon* v. *Bedard,* 265 Mass. 408. *Peabody* v. *Campbell,* 286 Mass. 295, 301, 305. But the plaintiffs had no inherent right as travellers on the highway to ride in an automobile in the general possession and control of the defendant with respect to which he stood as to them for the time being in the position of an owner. *Walker* v. *Fuller,* 223 Mass. 566. If the plaintiffs trespassed upon or converted the automobile the defendant could maintain an action of tort against them. *Brewster* v. *Warner,* 136 Mass. 57. *Herries* v. *Bell,* 220 Mass. 243. *Belli* v. *Forsyth,* 301 Mass. 203, 204, 205, and cases cited. See *Mikaelian* v. *Palaza,* 300 Mass. 354, 355, 356. When the plaintiffs stepped into the automobile the defendant's duty toward them ceased to be measured by his duty toward travellers in general. *Driscoll* v. *Scanlon,* 165 Mass. 348. From that moment the duty of care of the defendant toward the plaintiffs depended upon whether the plaintiffs were invitees, licensees or trespassers in the automobile. *Walker* v. *Fuller,* 223 Mass. 566, 568. *Kennedy* v. *R. & L. Co.* 224 Mass. 207, 209. *Welch* v. *O'Leary,* 287 Mass. 69. *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 561. See *O'Leary* v. *Fash,* 245 Mass. 123, 126, 127.

Plainly the plaintiffs were not business invitees of the defendant. The defendant had no interest of any kind in their presence in the automobile. Even as to Metivier they were no more than gratuitous "guests." They were not even "guests" as to the defendant. The defendant had given Metivier no authority to invite them in the defendant's behalf. In addition to the cases already cited, see *Broitman* v. *Silver,* 270 Mass. 24. As to the defendant the position of the plaintiffs could not have been better than that of bare licensees. We need not determine whether they were licensees or trespassers, as in either event the defendant's duty toward them was at most only to refrain from wilful or wanton conduct. *West* v. *Poor,* 196 Mass. 183, 185. *Barry* v. *Stevens,* 206 Mass. 78. *Falardeau* v. *Malden & Melrose Gas Light Co.* 275 Mass. 196, 199. And see *O'Leary* v. *Fash,* 245 Mass. 123, 126, 127; *Murphy* v.

*Barry*, 264 Mass. 557; and *Dineasoff* v. *Casey*, 306 Mass. 555. There is no allegation of wilful or wanton conduct on the defendant's part. See *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 447; *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 348. No contention is made that the defendant's violation of law in allowing Metivier to take and to operate the automobile amounted to such conduct. We do not imply that such contention could properly have been made.

Since the defendant, although he allowed Metivier to operate the automobile, owed to the plaintiffs as "guests" of Metivier no duty to exercise ordinary care, there was no error in ruling that the plaintiffs could not recover for negligence of the defendant.

In each case the entry will be

*Exceptions overruled.*