JAMES LITTLE *vs.* DAVID I. LEVISON
(and four companion cases [1]).

Suffolk.   April 3, 1944. — April 29, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Agency,* Scope of authority or employment. *Trespass. Motor Vehicle,*
   Trespass, Operation, License to operate. *Wanton or Reckless Conduct.*

Registration of an automobile did not constitute, under § 85A of G. L.
   (Ter. Ed.) c. 231, prima facie evidence that the registered owner was
   legally responsible for conduct of another person as operator resulting
   in injury to one riding in the automobile on an invitation extended by
   the operator without authority of the owner.
The fact that the owner of an automobile, in violation of G. L. (Ter. Ed.)
   c. 90, § 12, permitted it to be driven by one who, without his knowl-
   edge, had no license to operate it, was not evidence of wanton or reck-
   less conduct of the owner rendering him liable to one who was riding
   in the automobile on an unauthorized invitation of the operator.

FIVE ACTIONS OF TORT.   Writs in the Municipal Court of
the City of Boston, the first dated April 18, and the others
April 23, 1940.

On removal to the Superior Court, the actions were tried
together before *Williams,* J.

*E. J. Donlan,* for the plaintiffs.

*S. P. Sears,* for the defendant.

WILKINS, J.   These actions of tort are to recover for
personal injuries sustained when the defendant's automo-
bile, in which the plaintiffs were riding at the invitation of
the driver, collided with a street car.   The only question
presented is the correctness of the judge's action in directing
verdicts for the defendant.

The declarations, which were substantially and in all
material respects the same, were in six counts.   Three counts
were based on gross negligence, one alleging operation by an
agent, another adding the allegation that the defendant

[1] The companion cases were brought respectively by Charles Farrell,
Antonio Martini, John Lawlor, and Harold L. Koch against the same
defendant.

allowed the automobile to be operated "by a person who had no legal right so to do, in violation of." G. L. (Ter. Ed.) c. 90, § 12, and the third omitting the allegation of agency but including an allegation that the defendant allowed the automobile to be operated by an improper person. Three analogous counts were based on "wilful, wanton and reckless" conduct. The answer in each case contained a general denial and allegations of contributory negligence and that the automobile was not operated by "a person for whose conduct the defendant was legally responsible."

The evidence showed the following: On May 20, 1939, the defendant, a commercial florist, was the owner of a five-passenger Packard sedan. In his employ was one Kennedy, whose duty it was from time to time to drive the automobile in the conduct of the defendant's business. On the night of May 20 the defendant gave the automobile to Kennedy to take to the latter's home in Roxbury to repair it, with instructions to bring it back to the defendant's shop in Boston in the morning. Kennedy, who had been in the defendant's employ for about a month, held a Massachusetts operator's license authorizing him to operate trucks only. The defendant had never seen Kennedy's operator's license and did not know of this limitation. Kennedy took the automobile to his home, and the plaintiff Little and he worked on it for about an hour. Later they met the other four plaintiffs, and Kennedy invited all to take a ride. His offer was accepted, and during the ride Kennedy, according to the evidence, could have been found to have been racing with another automobile and, while travelling at a speed of sixty miles an hour, to have collided with a stationary street car, injuring the plaintiffs. There was no evidence that Kennedy was then engaged in any errand or business on behalf of the defendant unless the fact that the automobile was registered in the defendant's name as owner was such evidence.

The verdicts were rightly ordered. The defendant had neither invited, nor authorized anyone to invite, the plaintiffs to ride in his automobile. By entrusting it to Kennedy the defendant did not thereby empower him to extend guest

privileges. *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 561. The plaintiffs contend, however, that evidence of such authority is supplied by G. L. (Ter. Ed.) c. 231, § 85A, which makes registration of the automobile in the defendant's name as owner "prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible."

The statute does not make the defendant prima facie liable for every accident in which his automobile is involved. "After . . . [the statute] took effect proof of registry in the name of the defendant as owner, prima facie, is proof, also, that at the time of the accident the driver was a servant of the defendant and engaged in the owner's business; but it is not made prima facie evidence of anything more. The legal responsibility established is simply such responsibility as follows from the fact of agency and of action in the course of the owner's business. . . . the statute is not to be interpreted to mean that where evidence is introduced to show that a motor vehicle is involved in an accident or collision and is registered in the name of the defendant as owner, prima facie the defendant is liable. Rather it is to be taken to mean that ownership and registry in the defendant prima facie show the driver to be his agent acting within the scope of his business, and that, so far as those facts establish liability, prima facie the defendant is liable." *Bruce* v. *Hanks,* 277 Mass. 268, 272. See *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 561; *Dineasoff* v. *Casey,* 306 Mass. 555, 556–557.

The rights of the parties in this respect are governed by *O'Leary* v. *Fash,* 245 Mass. 123, unless the fact that that decision antedated the passage of G. L. (Ter. Ed.) c. 231, § 85A, makes a difference. In that case the defendant, an ice cream manufacturer, was the owner of a truck. An agent of the defendant "while driving the truck in the course of his employment" gave the plaintiff a ride, during which she was thrown off and injured. It was held that there was no liability for gross negligence or for wanton, wilful, or reckless conduct. On either ground the plaintiff failed, because it was not within the course of the driver's

employment to invite persons to ride. Cases like *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269, were distinguished at pages 126 and 127, in the following language: "A trespasser or licensee has a right of action when suffering injury from wilful, wanton and reckless misconduct of the owner or his agents acting within the real or apparent scope of his authority . . . . That principle has no application to the facts here disclosed, because the plaintiff fails to show that the driver of the truck in any part of his conduct toward her was acting within the scope of his authority as agent for the defendant. . . . So far as concerns the plaintiff and her presence on his truck, it is in law a matter of indifference to the defendant whether the driver of the truck exercised due care or was grossly negligent or was guilty of wanton or reckless conduct. . . . Of course the driver was in charge of the defendant's truck and as to the general public he was the agent of the defendant in driving it." That case cannot be distinguished, as the plaintiffs contend, on the ground that it concerned a truck and not a pleasure vehicle, or on the ground that the plaintiff's seat was unsafe. We are of opinion that the enactment of the statute does not affect the applicability of the principle of *O'Leary* v. *Fash* to the case at bar. The effect of the statute is to make registration in the defendant's name as owner prima facie proof that in driving the automobile Kennedy was the defendant's agent. It does not create prima facie proof that Kennedy, as a driver for a florist, could enlarge his employment so as to include giving rides to whomsoever he might choose. *Welch* v. *O'Leary*, 287 Mass. 69, 71. The driver in *O'Leary* v. *Fash* was in the course of his employment in driving the truck. Kennedy, the operator of the automobile in the present case, by virtue of the statute was prima facie in the course of his employment in driving the automobile. Neither employee was in the course of his employment in embarking upon the transportation of passengers. The "essential element of authority to invite the plaintiffs to ride" is lacking. See *Bruce* v. *Hanks*, 277 Mass. 268, 273.

The plaintiffs, as guests of the driver, so far as the defendant is concerned, stood no higher than trespassers. The

only duty owed them was to refrain from wanton or wilful conduct. *West* v. *Poor,* 196 Mass. 183, 185. *Barry* v. *Stevens,* 206 Mass. 78, 80. *Baines* v. *Collins,* 310 Mass. 523, 524. While this included such conduct by the defendant's employees, it included only employees acting in the course of their employment. *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269, 274. *Ciarmataro* v. *Adams,* 275 Mass. 521, 526. In the *Aiken* case the motorman could have been found to have caused injury to the plaintiff and thus have subjected his employer to liability because he was engaged in a way, albeit a poor one, of doing what he was hired to do, namely, to run a street car. In *O'Leary* v. *Fash* and in the case at bar the drivers were in no way furthering the object of their employment by assuming to take additional occupants into their respective vehicles. The expression in *Kennedy* v. *R. & L. Co.* 224 Mass. 207, 209, "the defendant did not contract for or assent to its use by the plaintiff, who at most was only a licensee to whom it owed no duty except to refrain from wanton and reckless acts on the part of its servant in driving the car, which are not charged in the declaration or shown by the evidence," was not necessary to the decision, and, in so far as it tends to say that unauthorized guests in the position of the plaintiffs may recover for wanton or wilful conduct of the owner's agent in driving the automobile, is out of line with the trend of our decisions. The same is true of the statement in *Gallagher* v. *O'Riorden,* 208 Mass. 275, 276, "If the plaintiff [who was stealing a ride] had been on the caravan at the driver's express invitation or was riding with his consent, a different question would be presented." The question which would have been presented had already been settled in this Commonwealth unfavorably to the plaintiff in *Driscoll* v. *Scanlon,* 165 Mass. 348, in an opinion by Mr. Justice Holmes.

The plaintiffs are not helped by the defendant's unwitting violation of 'G. L. (Ter. Ed.) c. 90, § 12.[1] It was not wanton

---

[1] "No person shall employ for hire as an operator any person not licensed in accordance with this chapter. No person shall allow a motor vehicle owned by him or under his control to be operated by any person who has no legal right so to do, or in violation of this chapter."

or wilful conduct by the defendant to allow Kennedy, who, unbeknown to the defendant, was licensed to operate trucks only, to drive his automobile. See *Theriault* v. *Pierce*, 307 Mass. 532, 535. No such implication may be found in *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 563–564, a case in which wanton or wilful conduct was not alleged or involved. As the defendant owed no duty of care to the plaintiffs, such violation, which might in an appropriate case be evidence of negligence, is not material. *Theriault* v. *Pierce*, 307 Mass. 532. Compare *Mason* v. *Thomas*, 274 Mass. 59.

*Exceptions overruled.*