CHRISTINE VALLAS *vs.* JOHN CARZIS.

Suffolk.    April 6, 1954. — June 8, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence,* Gross, Motor vehicle.

A finding of gross negligence on the part of the operator of an automobile
toward a guest riding therein was warranted by evidence that at night
the operator, in calling to an acquaintance on the sidewalk, took his
eyes off the road and one hand off the wheel for six or seven seconds
during which the automobile travelled on until it crashed into a tree
standing several feet from the edge of the road and the guest was
injured.

TORT.    Writ in the Superior Court dated October 24,
1949.

The action was tried before *O'Connell,* J.

*David H. Fulton,* for the defendant.

*Thomas A. Brett,* for the plaintiff.

COUNIHAN, J.    This is an action of tort for personal in-
juries alleged to have been caused by the gross negligence
of the defendant when the plaintiff was riding in an auto-
mobile operated by the defendant as a gratuitous passenger
or guest.    It was tried to a jury who found for the plaintiff.
It comes here upon exceptions of the defendant to the denial
of his motion for a directed verdict and to the denial by the
judge of rulings requested by the defendant[1] which denial
was accompanied by a written memorandum of the judge.[2]

---

[1] "Transportation to or from work may become part of the contract of
employment by implication without express agreement (217 Mass. 76).
"If by express or implied agreement of employment the plaintiff was being
transported home from work, she cannot recover in this action."

[2] "I refuse to give either of the above rulings for the following reasons:
1. No evidence was presented by the defendant that the contract of employ-
ment provided for transportation of the plaintiff.    2. The general manager
(the defendant) and the assistant manager both testified transportation of
the plaintiff as an employee was not a part of employment contract.    3. All
the testimony relating to transportation of the plaintiff was, in substance and
effect, that transportation in all instances was gratuitous; no evidence was
before the jury that would warrant the jury finding that there was an im-
plied or express agreement providing transportation of the plaintiff home
from work."

There was no error.

We summarize the evidence most favorable to the plaintiff: The accident happened on July 14, 1948, at about 2 A.M. on Elm Street, Cohasset. The plaintiff who was then a minor was employed during the summer at Hugo's, sometimes called the Lighthouse, a restaurant in Cohasset. Nearby was another restaurant called Kimball's. The defendant, who was the uncle of the plaintiff, was the manager of and the owner of the controlling interest in both restaurants which were operated as separate corporations. The plaintiff with her sister who worked at Kimball's occupied a room about ten or twelve minutes' walk from Hugo's. Usually after work she walked to her room with her sister but often she was driven there by the defendant or one of the other employees or one of the guests at Hugo's. The defendant was solicitous of her welfare and security and permitted her to ride only with persons of whom he approved. On the day of the accident the defendant met the plaintiff at Hugo's shortly before 2 A.M. when she got through work and volunteered to drive her to her room. After leaving Hugo's the defendant stopped at Kimball's to check up on conditions there. The plaintiff was seated on the right front seat of the automobile next to the defendant. After leaving Kimball's the defendant drove up a slight grade on Margin Street and turned left into Elm Street. He then drove 40 to 45 miles an hour along Elm Street. While so driving his attention was attracted by the plaintiff to one Williams, his assistant manager. As he passed Williams, who was then on the sidewalk of Elm Street, he took his right hand off the steering wheel of the automobile, reached across the plaintiff, put that hand out of the window, and said "Hi Herb." At the same time he took his eyes off the road. He was in this position for 6 or 7 seconds when the automobile left the road and struck a tree standing 3 to 5 feet from the edge of the highway. The automobile struck the tree with a severe crash badly damaging its front end, and the plaintiff was injured. See *Bresnahan* v. *Proman*, 312 Mass. 97, 100.

We are of opinion that the liability of the defendant for gross negligence is controlled by what was recently said in *Dinardi* v. *Herook*, 328 Mass. 572, which described in great detail conditions under which gross negligence may be found. In the instant case there was evidence from which the jury could reasonably find that at a time when it was dark the defendant was inattentive for a period of 6 or 7 seconds during which the automobile, with one hand of the defendant off the wheel, travelled on until it collided with a tree which was 3 to 5 feet off the edge of the road. In these circumstances we are of opinion that it was proper to submit to the jury the question of the gross negligence of the defendant.

Nothing was said in *Rossario* v. *Vasconcellos*, 330 Mass. 170, to the contrary, for the facts in that case bear no resemblance to those appearing here.

There was likewise no error in the refusal of the judge to rule as requested by the defendant. The findings of the judge as set forth in his memorandum which accompanied the denial of the defendant's requests are amply borne out by the evidence. There was no evidence to support an express or implied agreement that any transportation was to be furnished the plaintiff or to show that as a matter of right she was entitled to any transportation by virtue of her contract of employment. *Donovan's Case*, 217 Mass. 76, is not in point because on the facts in that case it could be found that the transportation was an incidental part of the employment.

*Exceptions overruled.*