HELEN ROWLAND, administratrix, *vs.* AUTO SERVICE, INC. (and a companion case[1]).

Bristol. October 26, 1954. — December 29, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Agency*, Scope of authority or employment. *Negligence*, Invited person, Motor vehicle, Gross. *Motor Vehicle*, Registration. *Evidence*, Presumptions and burden of proof. *Supreme Judicial Court*, Argument. *Waiver*.

Section 85A of G. L. (Ter. Ed.) c. 231 does not make registration of an automobile evidence that the registered owner authorized an operator of the automobile to invite another person to ride in it. [109]
Evidence that an automobile salesman of a corporation had talked with a woman about buying an automobile shortly before a day when he invited her to ride with him in an automobile of the corporation while

---

[1] The companion case was brought by the same plaintiff against Joseph Protami, Junior.

he drove to a nearby town and that on the way there he resumed the talk warranted findings that the invitation to ride was within his apparent authority and that she was a business invitee of the corporation. [109]

Evidence that while an automobile was travelling at thirty-five or forty miles an hour the operator swung around to strike at a bee directly in back of him and took his eyes completely off the road for forty seconds and left only his right hand on the steering wheel, whereupon the automobile struck a pole and a passenger was injured, warranted a finding of gross negligence on the part of the operator. [109]

A defence of absence of gross negligence in actions against the owner and an operator of an automobile for personal injuries sustained by the plaintiff while riding therein was waived by failure to argue it in this court. [109]

TWO ACTIONS OF TORT. Writs in the Superior Court dated July 21, 1950.

The actions were tried before Smith, J.

Leo Schwartz, for the defendants.

Leonard E. Perry, for the plaintiff.

LUMMUS, J. These two actions of tort for personal injuries were brought by the late Portia Crowl, who died after she had obtained verdicts in her favor against both defendants. These actions are now being prosecuted by the administratrix of her estate. The only exceptions of the defendants now argued are to the denial in each case of a motion for a directed verdict for the defendant. The defendant Joseph Protami, Junior, was an automobile salesman for the defendant Auto Service, Inc., of which his father was an officer.

On May 9, 1950, before the accident, according to evidence for the plaintiff, the defendant Joseph Protami, Junior, was driving an automobile owned by the corporate defendant, and asked the intestate to ride with him to Acushnet. She had recently talked with him about buying an automobile. On the way to Acushnet he resumed the talk about her buying an automobile, although she did not encourage him to expect her to buy. By G. L. (Ter. Ed.) c. 231, § 85A, the registration of the automobile in the name of the corporate defendant was prima facie evidence that it was legally responsible for the conduct of Joseph Protami,

Junior. But that section did not make such registration evidence that the corporate defendant authorized the operator to invite the intestate to ride. *Welch* v. *O'Leary*, 287 Mass. 69. *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 561. *Dineasoff* v. *Casey*, 306 Mass. 555. *Little* v. *Levison*, 316 Mass. 159. But on the evidence the jury could have found that the operator gave the intestate a ride with the hope of selling her an automobile, either presently or in the future. This was within the apparent authority of the operator as a salesman. *Cardoza* v. *Isherwood*, 258 Mass. 165. *Foley* v. *McDonald*, 283 Mass. 96. The jury could have found that the intestate was a business invitee.

The declaration in each case alleged gross negligence. But liability is shown as to a business invitee by proof of ordinary negligence. We need not consider whether the plaintiff, having alleged gross negligence, must prove it. In our opinion a finding of gross negligence, if needed, was warranted by the evidence. There was evidence that during the ride while travelling at the rate of thirty-five or forty miles an hour a bee got into the automobile, that the operator started to hit the bee with a billfold, that the bee was at the second window directly in back of the operator, that he swung around four times to strike at the bee, the last time with his eyes completely off the road for forty seconds and with only his right hand on the steering wheel, and that the automobile hit a telephone pole, causing injury to the intestate. We think that upon the evidence the cases were properly left to the jury to find whether there was gross negligence or not. *Dinardi* v. *Herook*, 328 Mass. 572. *Vallas* v. *Carzis*, 331 Mass. 468. Furthermore, the defendants did not argue that there was no gross negligence. Their argument was confined to the question whether the intestate was a business invitee. Rules 13 and 15 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698, 699. *Commonwealth* v. *Gale*, 317 Mass. 274, 276. *Jefferson Union Co.* v. *American Radiator & Standard Sanitary Corp.* 329 Mass. 692, 694.

In each case the entry will be

*Exceptions overruled.*