CECILIA DAVIS *vs.* VERMONT TRANSIT COMPANY (and a companion case[1]).

Hampden.     April 3, 1956. — June 1, 1956.

Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Practice, Civil*, Pre-trial procedure; Stipulation; Requests, rulings and instructions; Exceptions: whether error shown. *Error*, Whether error shown. *Motor Vehicle*, Bus, Operation.

In actions against two bus companies by a passenger in a bus for personal injuries shown by evidence to have been sustained when a suitcase fell on the plaintiff from an overhead rack as the bus made a turn and jolted over a curb, it was proper to order a verdict for one of the de-

---

[1] The companion case is by the same plaintiff against New England Greyhound Lines, Incorporated.

fendants by reason of a pre-trial report in the actions stating that it was agreed that the bus was owned by and operated by an agent of the other defendant.  [251]

Error in an action against a bus company in a refusal to charge the jury expressly as to the effect of a certain regulation requiring "due caution" in turning buses on the issue of negligence of a bus operator of the defendant was not shown where the record did not contain the judge's charge.  [251–252]

Two ACTIONS OF TORT.  Writs in the Superior Court dated March 15, 1951.

The actions were tried before *Hurley, J.*

In this court the cases were submitted on briefs.

*William H. Taylor,* for the plaintiff.

*John D. Ross, John D. Ross, Jr., & George W. Leary,* for the defendants.

COUNIHAN, J.  These are actions of tort which were tried together before a jury.  The plaintiff seeks to recover damages for personal injuries sustained while riding in a bus owned and operated by an agent of the defendants or one of them.  At the close of the evidence on motion the judge directed the jury to return a verdict for New England Greyhound Lines, Incorporated, hereinafter called New England.  He submitted the action against Vermont Transit Company, hereinafter called Vermont, to the jury who returned a verdict for the defendant.

The actions come here upon a consolidated bill of exceptions of the plaintiff, alleging error in the direction of a verdict for New England and in the denial of a request for instruction in the action against Vermont.  There was no error.

The actions were pre-tried together and the following order was entered: "It is agreed the bus in which the plaintiff, Cecilia Davis, was riding was owned by the Vermont Transit Co. and operated by its agent, and she brings suit against the defendants, New England Greyhound Lines, Inc., and Vermont Transit Co."  "It is agreed that the accident happened on private property, the Pittsfield bus terminal."  "It is agreed there is no question as to license or registration."

The evidence most favorable to the plaintiff in the action against New England may be summarized as follows: The plaintiff on March 24, 1950, purchased a bus ticket of Vermont at Bennington, Vermont, for transportation from Bennington to Waterbury, Connecticut. She boarded a bus and sat in an aisle seat on the right side of the bus about in the center of it. She noticed a suitcase lying lengthwise on the overhead luggage rack which extended about six inches over the edge of the rack. As the bus made a turn to go into the Pittsfield bus terminal it went over a curb and tipped the right side of the bus up about one and a half feet off the ground. The tipping was a "sudden jolt." "The next thing she knew was that the suitcase which she described had fallen on her head and she looked down and observed it on her lap." She sustained injury. She got off the bus and when she returned to it she noticed that the driver had on a Greyhound uniform. She continued on the bus to Torrington, Connecticut, where she transferred to another bus which took her to Waterbury. There was other evidence in both actions which contradicted this evidence.

During the trial the plaintiff introduced two regulations of the interstate commerce commission, under which she alleged the defendants operated. They read as follows: "2.094 Loading Of Busses. — All baggage, freight, or express carried in any bus shall be so loaded as not to interfere with the free and ready entering or leaving such bus, and shall be so stowed as to prevent falling onto or against any passenger." "2.16 Vehicle Must Be In Proper Position For Making Turns. — . . . In all cases turns shall be made with due caution, having due regard to the length of the motor vehicle and any load thereon, the width of the roadway, and other traffic." The judge instructed the jury as to the effect of regulation numbered 2.094 but refused to charge expressly as to regulation numbered 2.16.

The exception of the plaintiff to the refusal of the judge to charge as requested presents the only question before us in the action against Vermont. Another exception was taken by the plaintiff in that action, but because not argued in the

plaintiff's brief we do not pass upon it. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.

1. We first consider the exception of the plaintiff to the direction of a verdict for New England. The judge was correct. His action was governed by the terms of the pre-trial order above referred to. "This was a 'stipulation' under Rule 57A of the Superior Court (adopted April 9, 1938),[1] which bound the parties." *Abbott* v. *Link-Belt Co.* 324 Mass. 673, 677. The rule of the Superior Court referred to provides that the pre-trial judge "shall make an appropriate order which will control the subsequent conduct of the case unless modified at the trial to prevent manifest injustice." It has also been said that the pre-trial report, "which neither party so far as appears sought to amend, governed the trial of the action." *Doherty* v. *Shea,* 320 Mass. 173, 174–175.

The pre-trial report is in the record and, although it does not appear that it was offered in evidence or directly referred to at the trial, there is nothing in the record to show that the action was not tried in accordance with the pre-trial report. "It must be taken that the case was tried in accordance therewith (*Eckstein* v. *Scoffi,* 299 Mass. 573, 576), and that the matters therein conceded or admitted were established as true." *Silver* v. *Cushner,* 300 Mass. 583, 585.

In the pre-trial report in the cases at bar, it was agreed that "the bus in which the plaintiff . . . was riding was owned by the Vermont Transit Co. and operated by its agent . . . ." This concession was enough to relieve New England from any liability for this accident. Moreover there was no evidence to controvert the report on this aspect of the action against New England.

2. There was no error in the failure of the judge to instruct the jury in the exact terms requested by the plaintiff in the action against Vermont. Regulation numbered 2.16

---

[1] Now Rule 58 of the Superior Court (1954).

252                                      334 Mass. 252

only means that the operator of the bus must make all turns without negligence. The negligence of the operator from whatever cause was the only real issue before the jury. The judge's charge is not reported. It must be assumed, however, that he instructed the jury as to the issues involved and especially that he pointed out that unless negligence of the defendant (Vermont) caused the plaintiff's injury there could be no recovery. *Goltz* v. *Besarick*, 313 Mass. 14, 16.

*Exceptions overruled.*