NATALIE PISTORIO & others *vs.* WILLIAMS BUICK, INC.
& others.

Suffolk.     March 10, 1960. — June 7, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Gross, Motor vehicle, Invited person.   *Agency,* What consti-
tutes, Scope of authority or employment.   *Motor Vehicle,* Registration.
*Evidence,* Prima facie evidence, Of agency.

Evidence in an action, that while the occupants of an automobile were
    searching for a missing dog they came to a rough, "bumpy" dirt road in
    which there was a "bad" curve part way down a decline and that when
    "making" the curve at a speed of forty-five to fifty miles per hour the
    operator "yelled out, 'Isn't that the dog,' " took his hand off the wheel,
    turned his head to the left, and pointed with his hand, whereupon the
    automobile crashed into a pole on the operator's right close to the
    travelled part of the road and his passengers were injured, warranted
    a finding of gross negligence on the part of the operator.   [158]
Evidence in an action, that one who had borrowed an automobile from an
    automobile dealer for the purpose of trying it out with the thought of
    possible purchase himself or its sale through him to another asked a
    part time taxi driver, who ran errands for him and who was in the
    market for an automobile, to look for a missing dog and at the same
    time to try out the automobile and see if he liked it, warranted findings
    that the automobile was thereupon operated by the taxi driver as an
    agent of the borrower acting within the scope of his authority and that
    the borrower was liable as principal to guests whom both the borrower
    and the taxi driver invited to ride in the automobile for injuries sus-
    tained by the guests in an accident resulting from the taxi driver's gross
    negligence.   [158]
Evidence in an action merely that one borrowed an automobile from an
    automobile dealer for the purpose of trying it out with the thought of
    possible purchase himself or its sale through him to another did not
    warrant a finding that the borrower was authorized to carry guests of
    his in it, and the dealer was not liable to such guests for injuries re-
    ceived in an accident caused by grossly negligent operation of the auto-
    mobile by the borrower's agent.   [158]
Section 85A of G. L. c. 231 does not make registration of an automobile
    prima facie evidence that an operator of the automobile was authorized
    by its registered owner to invite a guest to ride in it.   [158]

TORT.     Writ in the Municipal Court of the City of Boston
dated February 23, 1955.

Upon removal to the Superior Court, the action was tried before *Dewing, J.*

*Sturtevant Burr,* for the defendants.

*Thomas A. Brett,* for the plaintiffs.

WILLIAMS, J. This is an action of tort to recover for personal injuries brought by Natalie Pistorio, Barbara Sommer and Beverly McLeod against Williams Buick, Inc. (Buick), a corporation, George W. Tradd and David Dolinsky. Barbara Sommer and Beverly McLeod have been married since the trial and their respective names have been changed by amendment of the record to Barbara Schifone and Beverly Fairbanks, Junior. The plaintiffs' declaration as amended contained thirty-six counts of which counts 3, 4, 7, 8, 11, 12, 15, 16, 19, 20, 23, 24, 27, 28, 31, 32, 35, and 36 were discontinued during trial. Counts 1, 9, and 17 allege negligence and counts 2, 10, and 18 gross negligence on the part of Buick, its agents, servants or employees; counts 5, 13, and 21 allege negligence and counts 6, 14, and 22 gross negligence by Tradd; and counts 25, 29, and 33 allege negligence and counts 26, 30, and 34 gross negligence by Dolinsky.

The case was referred to an auditor whose findings of fact were not final and tried to a jury on his report and evidence introduced under reservations filed in accordance with Rule 88 of the Superior Court (1954).

There was evidence that the accident in which the plaintiffs were injured occurred in the early afternoon of September 19, 1953, on Curve Street, Dedham, when an automobile operated by Tradd in which the plaintiffs were riding as guests collided with a telephone pole. The car was a sedan owned and registered by Buick. It had been borrowed by Dolinsky from Buick on the previous day for the purpose of trying it out with the thought of possible purchase or its sale through him to some third person. Buick's "dealer's plates" were on the car, and if Dolinsky did not buy or sell it, it was arranged that it be returned to Buick within five days. See *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446.

Dolinsky operated a "snack bar" in Dedham with one Helie. Tradd was a part time taxi driver who frequented the bar, ran errands for the partners and washed dishes, for which service he received food as compensation. Dolinsky knew that Tradd was in the market for a car. On the morning of the accident a dog owned by Helie was missing and Dolinsky had learned that it had been seen at some distance from the bar. He spoke to Tradd about it and asked him to look for the dog and bring it back if he could find it. He suggested that Tradd could at the same time try out the car and see if he liked it. The three plaintiffs were then sitting in the bar and Tradd and Dolinsky invited them to go along and help look for the dog. One of the girls sat with the driver, Tradd, and the other two occupied the rear seat. They searched for about twenty minutes and then started back. Tradd drove by way of Curve Street, a rough, "bumpy" dirt road in which there was a "bad" curve part way down a decline. Tradd was proceeding at a rate of forty-five to fifty miles per hour and while "making" the curve "yelled out, 'Isn't that the dog?' He took his hand off the wheel, turned his head to the left and pointed his hand to the direction where he thought he saw the dog." The car crashed into a pole on his right a "foot or two" from the travelled part of the road, and the plaintiffs were injured.

The auditor reported that the evidence "did not warrant an inference that Dolinsky was authorized by . . . Buick to invite third persons other than prospective purchasers to ride in it" and that at the time of the accident Tradd was an employee of Dolinsky. He found "on all the evidence and the reasonable inferences to be drawn therefrom" for the defendant Buick on all counts against it and for each plaintiff on her counts for negligence and gross negligence against Tradd and Dolinsky.

The judge directed a verdict for the defendant on each of the counts against Buick and the jury returned verdicts for the plaintiffs on the counts charging Tradd and Dolinsky with gross negligence. There is a consolidated bill of ex-

ceptions containing exceptions by each plaintiff to the direction of the verdicts for Buick and exceptions by Tradd and Dolinsky to the denial of their respective motions for directed verdicts on the counts against them.

The evidence was sufficient to warrant a finding of gross negligence on the part of Tradd. It could be found that he voluntarily relinquished the power to control the direction of the car while driving it at a rate of speed which in the circumstances was excessive. The case falls within the class of those cited in *Dinardi* v. *Herook,* 328 Mass. 572, 574–575. See *Vallas* v. *Carzis,* 331 Mass. 468; *Rowland* v. *Auto Service, Inc.* 332 Mass. 107, 109. Since there was evidence that Tradd was driving the car within the scope of his authority as an agent of Dolinsky, the latter could be found liable as principal for the consequences of Tradd's gross negligence. There was no error in denying the motions of Tradd and Dolinsky.

The verdicts for Buick were rightly directed. There was no evidence of authority by Buick to carry the plaintiffs and none arises by implication of law in the circumstances disclosed. *O'Leary* v. *Fash,* 245 Mass. 123, 125. General Laws, c. 231, § 85A, which provides that registration of a motor vehicle "in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible," states a rule of evidence and not of liability. It is settled that the statute does not make registration prima facie evidence that the operator was empowered by the owner to invite others to ride with him. *Bruce* v. *Hanks,* 277 Mass. 268, 272. *Welch* v. *O'Leary,* 287 Mass. 69. *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 561. *Dineasoff* v. *Casey,* 306 Mass. 555, 556–557. *Little* v. *Levison,* 316 Mass. 159, 161–162. *Rowland* v. *Auto Service, Inc.* 332 Mass. 107, 109.

*Exceptions overruled.*