GWENDOLYN FALDEN & another *vs.* RALPH H. CROOK & another.

Suffolk.     January 3, 1961. — March 6, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Negligence,* Invited person. *Motor Vehicle,* Invitee, Registration. *Agency,* Scope of authority or employment. *Evidence,* Prima facie evidence, Of agency.

Evidence that a salesman selling ice cream from a small truck over a prescribed route was asked to take to her home a child who earlier had made a purchase from him and that he agreed to do so showed that the child was no more than a guest of the salesman, and she was not entitled to recover from him on the ground of ordinary negligence for injuries sustained when she was thrown from the running board of the truck as it rounded a corner while she was riding home.   [175–176]

Section 85A of G. L. c. 231 does not make registration of a motor vehicle prima facie evidence that an operator of the motor vehicle was authorized by its registered owner to invite others to ride in it.   [176–177]

Evidence that the duties of an ice cream salesman employed by a corporation owning a small truck were to drive it over a prescribed route, to sell ice cream, and to "drum up trade" did not warrant a finding that the salesman had authority to invite a child to ride home in the truck as a guest.   [177]

TORT. Writ in the Superior Court dated November 23, 1953.

The action was tried before *Macintosh,* J., a District Court judge sitting under statutory authority.

*Milton I. Smith,* for the plaintiffs.

No argument nor brief for the defendants.

KIRK, J. The minor plaintiff (hereinafter called the plaintiff) was injured on August 7, 1953, at 8:30 P.M. when

she was thrown from the running board of a small truck against an upright post supporting the elevated railway tracks on Washington Street in Boston. The defendant Crook was the operator of the truck, and was employed as an ice cream salesman by the owner, the defendant Simco Sales Service of Boston, Inc. (Simco). He sold ice cream from the truck to buyers along a route which had been prescribed for him by Simco. His duties were to drive the truck over the route, sell ice cream, "drum up trade," and (he imagined) create good will. The more ice cream he sold, the more money he made; and to sell more ice cream, he tried to please his customers, mostly children.

On the day of the accident the plaintiff, then eleven years old, crossed Washington Street to buy ice cream from Crook. She bought a popsicle. A girl companion asked Crook if she and the plaintiff could have a ride; and Crook gave them and several other children a ride around the block. When it was over and all the children were off the truck, the plaintiff's companion asked Crook if he was going to Hammond Street. He answered "yes," and was asked if he would take the plaintiff home. He again said "yes," and told the plaintiff to get on the truck. She stood on the right hand running board and held onto the door handle and post with both hands. When Crook drove around a corner at thirty to thirty-five miles per hour, she was thrown off the truck, against the elevated post, and sustained injuries.

In all there were eleven counts in the plaintiffs' substitute declaration. The case was submitted to the jury only on counts which alleged gross negligence on the part of Crook. Damages for personal injuries were awarded to the plaintiff and consequential damages to her mother on those counts. Verdicts were directed for the defendants on all other counts.

We are concerned only with the plaintiffs' exceptions to the direction of verdicts on the following counts: Number 4, the plaintiff against Crook for ordinary negligence; number 7, the plaintiff against Simco for ordinary negligence;

number 8, the plaintiff against Simco for gross negligence; numbers 10 and 11, the mother against Crook for consequential damages for ordinary negligence, and against Simco for consequential damages for (a) ordinary negligence and (b) gross negligence.

The plaintiffs also excepted to the refusal of the judge to give requested instructions to the jury. These will be mentioned later.

The status of the plaintiff on the vehicle determines whether the action of the judge was right in the disposition of the counts in which Crook is a defendant. If the plaintiff was a business invitee of Crook, she may recover for ordinary negligence. *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282. If she was a gratuitous guest, Crook is liable only for gross negligence. *Massaletti* v. *Fitzroy,* 228 Mass. 487, 510. *Flynn* v. *Hurley,* 332 Mass. 182, 185. The rule which determines the status of a person who is riding as a passenger in a motor vehicle is set out in *Taylor* v. *Goldstein,* 329 Mass. 161, where an analysis of our cases was made. It was said at page 165: "The rule deducible from these decisions is that a plaintiff acquires the status of an invitee if he is riding with the defendant for the purpose of conferring a benefit in the performance of something in which the defendant has an interest provided the benefit is other than ' "those intangible advantages arising from mere social intercourse" ' (*O'Brien* v. *Shea,* 326 Mass. 681, 683); that the benefit need not be of a pecuniary nature; and that it need not arise from a contractual relationship."

Applying this rule to the instant case we are of the opinion that there was no error in directing verdicts for Crook on the counts alleging ordinary negligence. It could not be found that the plaintiff was conferring a benefit upon Crook in a matter in which he or his employer had an interest. Quite the reverse is true. By request, Crook was taking her to her home at the end of the day. The prospect that she might at some later date buy ice cream from Crook rather than from someone else, because of his favor in

driving her home, is too remote to bring the case within the stated rule. Crook was doing a kind act rather than building up good will for his business. The plaintiff was a gratuitous guest, and Crook would not be liable for ordinary negligence.

Since Crook is not liable for ordinary negligence, a fortiori Simco cannot be liable on counts based on ordinary negligence. Restatement 2d: Agency, § 217B (2), and comment.

The authority of Crook to invite the plaintiff to ride on the truck determines whether the judge was right in ordering verdicts for Simco on the counts based on gross negligence. In an attempt to prove such authority and hence to fix liability upon Simco for gross negligence, the plaintiffs rely upon G. L. c. 231, § 85A; upon Simco's answers to interrogatories showing that it was the registered owner of the truck; and upon a statement in the pre-trial order (which though disputed we assume was read to the jury) to the effect that Crook was operating the motor vehicle in the course of his employment. For practical purposes the answers to interrogatories and the pre-trial statement referred to were tantamount to a waiver of the affirmative defence pleaded by Simco under G. L. c. 231, § 85A. They merely mean that Simco admitted that in driving the truck Crook was acting as its agent. The plaintiffs have a misconception of the effect of G. L. c. 231, § 85A, which provides: ". . . evidence that at the time of such accident . . . [the motor vehicle] was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant."

It is settled that c. 231, § 85A, "does not make the . . . [owner] prima facie liable for every accident in which his automobile is involved." *Little* v. *Levison,* 316 Mass. 159, 161. It does no more than carry "the case to the jury *so*

*far as agency of the driver in behalf of the defendant is concerned*" (emphasis added). *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446, 447. It does not make such registration evidence that the corporate defendant authorized the operator to invite the plaintiff to ride. *Rowland* v. *Auto Serv. Inc.* 332 Mass. 107, 109. The effect of the statute is to make registration in Simco's name as owner prima facie evidence that in *driving the truck* Crook was Simco's agent. It does not create prima facie proof that Crook as a driver for an ice cream retailer could enlarge his employment so as to include giving rides to whomsoever he might choose. See *Little* v. *Levison,* 316 Mass. 159. *Pistorio* v. *Williams Buick, Inc.* 341 Mass. 155, 158. The statute does not aid the plaintiffs on this aspect of the case against Simco.

The burden of proof rested upon the plaintiffs to show that Crook had authority, actual or apparent, to invite persons such as the plaintiff to ride to her home on the vehicle. There is no evidence to this end. The commodity which Simco was selling was ice cream, not rides, as in *Beaulieu* v. *Lincoln Rides, Inc.* 328 Mass. 427 (plaintiff was given free ride on "Whip"); and not automobiles, as in *Rowland* v. *Auto Serv. Inc.* 332 Mass. 107, 109 (where salesman hoped to make sale of car to passenger), and as in *Foley* v. *McDonald,* 283 Mass. 96.

The foregoing also disposes of the exception to the judge's refusal to instruct the jury that Simco "was prima facie responsible for the injuries arising out of an accident involving the motor vehicle registered in its name and . . . being operated by a person for whom it is responsible." The other request for instruction to the same effect need not be discussed.

*Exceptions overruled.*