BARBARA M. GALLO & others[1] *vs.* EMANUEL K. VELISKAKIS & another.[2]

Essex.   April 8, 1970. — June 8, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Agency*, Scope of authority or employment.   *Motor Vehicle*, Invitee. *Evidence*, Of agency, Admissions and confessions, Expression of sympathy.

In an action to recover for personal injuries sustained by passengers in an automobile registered in the name of the defendant as owner while it was being operated by his nephew on graduation day at a high school, where the plaintiffs relied on G. L. c. 231, § 85A, to furnish prima facie evidence that it was then being operated by one for whose conduct the defendant was legally responsible, the plaintiffs were not entitled at the same time to rely on inconsistent evidence that the defendant had given the automobile to his nephew "for a graduation

---

[1] Anthony Gallo, Terence Kellelis, and James Kellelis.
[2] Theodore Vrettos.

gift" as evidence that the defendant authorized his nephew to invite the plaintiffs to ride as passengers. [604–605]

Evidence that the operator of an automobile registered in the name of his uncle as owner had got into it with a friend in the presence of the owner's wife, who was authorized to permit use of the automobile, did not warrant a conclusion that the operator was authorized to invite persons other than that friend to ride in the automobile. [605–606]

A statement by the owner of an automobile to a parent of a passenger injured therein while it was being operated by the owner's nephew, that the owner was sorry about the accident and not to worry, that the medical bills would be taken care of, was not an admission of liability. [606]

TORT. Writ in the Superior Court dated December 3, 1964.

The action was tried before *Beaudreau, J.*

*Usher A. Moren* for the plaintiffs.

*Robert E. McCourt* for the defendant Theodore Vrettos.

WILKINS, C.J. On June 9, 1963, graduation day at Peabody High School, the minor plaintiffs, Barbara M. Gallo and Terence Kellelis, were injured while passengers in an automobile operated by the defendant Emanuel Veliskakis and registered as owner in the name of Emanuel's uncle, the defendant Vrettos. The minor plaintiffs were riding at the invitation of Emanuel when the accident occurred in circumstances which the trial judge ruled were admissible to prove gross negligence. All the passengers and the operator were friends, either fellow students or recent graduates of Peabody High School. There are eight counts. Each minor plaintiff has a count for personal injuries against each defendant. Each father has a count for consequential damages against each defendant.

At the close of the evidence the trial judge directed verdicts in favor of the registered owner Vrettos on the ground that the invitation by the operator to the minor plaintiffs was without the authority of Vrettos.

The correctness of this ruling is the only issue before us. The jury returned verdicts against the operator.

The counts with which we are concerned are these counts against Vrettos: count 2 by Barbara, count 4 by Barbara's father, count 6 by Terence, count 8 by Terence's father.

There was a pre-trial order that Vrettos was the registered owner. See *Doherty* v. *Shea,* 320 Mass. 173, 174–175; *Lynch* v. *Kaufman,* 329 Mass. 762; *Davis* v. *Vermont Transit Co.* 334 Mass. 248, 251. See also Rule 58 of the Superior Court (1954), which provides in part, "Upon consideration of the above matters [one of which is such matters as will aid in the disposal of the case] the justice [especially assigned to preside at the calling of a pre-trial list] shall make an appropriate order which will control the subsequent conduct of the case unless modified at the trial to prevent manifest injustice."

General Laws c. 231, § 85A, where it provides that registration of a motor vehicle "in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible," states a rule of evidence and not of liability. It has been often held that "the statute does not make registration prima facie evidence that the operator was empowered by the owner to invite others to ride with him." *Pistorio* v. *Williams Buick, Inc.* 341 Mass. 155, 158, and cases cited. It "does not make the defendant [owner] prima facie liable for every accident in which his automobile is involved." *Little* v. *Levison,* 316 Mass. 159, 161.

The burden of proof rests upon the plaintiffs to show that the operator Veliskakis had authority, actual or apparent, to invite persons, such as the minor plaintiffs, to ride in the vehicle. *Falden* v. *Crook,* 342 Mass. 173, 177. We now consider evidence which the plaintiffs argue gives that authority.

First, we note testimony of Helen Gallo, mother of Barbara, that Tuesday after the accident, Vrettos told her: "It's a shame, I had that car put into tip-top shape for Manny . . . [the defendant operator] when I gave it to him for a graduation gift." This is inconsistent with the pre-trial order that Vrettos was the registered owner. By G. L. c. 90, § 2, "Upon the transfer of ownership of any motor vehicle . . . its registration shall expire." This

claim, being one of outright gift, gives no scope for a rule such as that of *Coyle* v. *Swanson*, 345 Mass. 126, where the ownership was less than absolute.

The plaintiffs rely upon registration in Vrettos's name as evidence of Veliskakis's agency under G. L. c. 231, § 85A, and at the same time contend that "the statement as to the 'gift' was evidence that the agency was an extremely broad one, at least broad enough to cover the invitation here extended." We must reject this contention. We are of opinion that the plaintiffs should not be allowed to rely on the registration in the name of Vrettos for the prima facie evidence provided by G. L. c. 231, § 85A, and at the same time rely upon inconsistent evidence of ownership to prove invitation. We also cannot allow the testimony of gift to be distorted into a broad authority to invite individuals generally to ride as passengers, while the fiscal responsibility and the insurance coverage continue in Vrettos.

Other testimony relied upon by the plaintiffs is the following. Vrettos testified that he "just got through fixing the car" for his wife and that she used the car. Mrs. Vrettos testified that she or her husband could give permission to others to use the automobile. One Arthur Accord, a passenger in the automobile at the time of the accident, testified that he was with the defendant Veliskakis at the Vrettos's home on the afternoon of June 9, 1963; that Veliskakis came out of the house with Mrs. Vrettos; and that in her presence Veliskakis got into the car with Accord, a passenger, and drove off.

From this the plaintiffs argue that in the absence of evidence showing that the relationship between Veliskakis and the plaintiffs was different from that between Veliskakis and Accord, the jury could find that the plaintiffs were in the automobile with the implied consent of Mrs. Vrettos.

This argument does not merit extended discussion. It disregards the burden on the plaintiff to establish the authority to invite passengers. It also is out of line with the policy which gives restricted construction to authority to invite others to ride. In *Dineasoff* v. *Casey*, 306 Mass. 555,

it was held that the defendant by allowing his son to operate his automobile did not authorize the son to invite guests. In *Welch* v. *O'Leary*, 287 Mass. 69, a woman, who had often ridden in the defendant's automobile, was given permission by the defendant to allow her husband to drive the automobile for business purposes. Nevertheless, it was held that the defendant had not authorized the husband to invite the wife to accompany him. See *Foley* v. *John H. Bates, Inc.* 295 Mass. 557, 561; *Little* v. *Levison*, 316 Mass. 159, 161. On Accord's testimony Veliskakis was authorized to invite solely Accord and no others.

There was other testimony by Helen Gallo that the day after the accident Vrettos called and said that he was sorry about the accident and not to worry, that the medical bills would be taken care of. This was of doubtful admissibility. See *Denton* v. *Park Hotel, Inc.* 343 Mass. 524, 528. It was a natural expression of sympathy which had no probative value as an admission of responsibility or liability. *Rasimas* v. *Swan*, 320 Mass. 60, 62. *Denton* v. *Park Hotel, Inc. supra.*

The verdicts for the defendant Vrettos were rightly directed.

*Exceptions overruled.*